PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* JACINTO CLEMENTE, Defendant and Appellant.

No. 2720. Argued June 15, 1926.—Decided June 26, 1926.

*José de Jesús Tizol* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The sixth assignment of error, namely, that capital punishment does not exist in Porto Rico, has been disposed of by

the opinion and judgment of this court in the case of *People* v. *Arrocho,* 34 P.R.R. 809.

The first assignment of error sets up that the court erred in ordering separate trials for the defendants Clemente and Arrocho, who were jointly charged with murder. Section 238 of the Code of Criminal Procedure gives the court a discretion to try separately defendants who are charged with a crime. No abuse is charged or shown. Here, moreover, the defendant Clemente originally asked for a separate trial when the case was first called and after a case is sent back for a new trial the court is entitled to try defendants separately, unless a strong petition and showing are made to the contrary.

The second assignment charges error because the court did not postpone the trial. In his motion to that effect the theory of the defendant was that the trial should be deferred until a witness who was charged with a crime should have been tried. Trials could thus be indefinitely postponed and in the absence of authority favoring the theory the assignment need not be further considered.

The instructions to the jury are attacked in the third assignment of error. The appellant, however, in his brief gives us no specification of the error supposed to have been committed and there is no discussion. Nor does it appear that any objection or exception was taken at the trial, not even a general one. In such case it is not the duty of the appellate court to compare the evidence with instructions in a search for error. The judgment is presumed correct until error is shown.

Error is assigned number four in order, because the court did not, as requested, instruct the jury of its right or power to find a verdict with extenuating circumstances. These circumstances are not discussed and the appellant does not convince us that the court in this case was bound to give such an instruction. *People* v. *Alméstico,* 18 P.R.R. 314, and

other cases show that a court is not bound to give instructions in mitigation of a crime, unless the evidence supports the standpoint of the defendant. Nor did we find the request in the record.

The fifth assignment relates to the refusal of the court to grant a new trial. The appellant, however, insists only that capital punishment does not exist in Porto Rico, and this is disposed of by our decision in *People* v. *Arrocho,* first discussed.

The judgment must be affirmed.